(83 App. Div. 67.)

## RING v. PALMER.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. VENDOR AND PURCHASER—CONTRACT OF SALE—LAND BOUNDED ON STREET—DESCRIPTION—PERFORMANCE OF CONTRACT.

The commissioner of streets in 1875 filed a map in which B. avenue was laid out as a street 80 feet in width. It was actually graded and paved as a 60-foot street. The owner of a lot thereon contracted to convey a lot "100 feet wide in front on B. avenue, and in the rear, and 125 feet wide in front on E. avenue and in the rear." *Held*, that the owner of the lot, having adopted that avenue as a boundary, and agreed to sell land 125 feet deep, bounded on that avenue, did not comply with the agreement by a conveyance of land 115 feet deep on that avenue, together with 10 feet in the bed of such avenue.

Submission of controversy between Charles E. Ring and C. Mortimer Palmer. Judgment for defendant.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

James C. Foley, for plaintiff.
Robert H. Wilson, for defendant.

WILLARD BARTLETT, J. The parties to this controversy entered into an agreement whereby the plaintiff agreed to sell to the defendant, and the defendant agreed to purchase, "all that certain plot of ground with the buildings thereon erected, situate, lying and being on the northeast corner of Borden avenue and East avenue, in the borough of Queens and city of New York, being one hundred (100) feet wide in front on Borden avenue, and in the rear, and one hundred and twenty-five (125) feet wide in front on East avenue and in the rear." From the language quoted, it will be perceived that the property specified in the contract as the subject of the sale is 100 feet wide in front on Borden avenue, and 125 feet deep.

At the time ·fixed for making the conveyance under the contract, the defendant declined to take title on the ground that the property offered to be conveyed by the plaintiff was only 115 feet deep, unless there were included therein 10 feet which is situated in the bed of Borden avenue as laid out by the filing of a map in 1873 by the commissioners of streets, roads, avenues, and parks in Long Island City.

Upon this map Borden avenue was laid out as a street 80 feet in width. Nothing more appears to have been done, however, toward creating an 80-foot street; but Borden avenue was actually created and paved as a 60-foot street.

The plaintiff contends that the filing of a map, or even the pending of proceedings to acquire property to open or widen a street, is not an incumbrance, and cites as authority for this proposition the case of Keating v. Gunther (Sup.) 10 N. Y. Supp. 734, affirmed in 129 N. Y. 659, 30 N. E. 65; Wagner v. Perry, 47 Hun, 516; and Blackman v. Riley, 138 N. Y. 318, 34 N. E. 214. The defendant disputes the application of these decisions to the case at bar, in view of the language of the contract between the parties. The argument in his behalf is clearly stated by his counsel as follows:

"It may very well be that the plaintiff has good title to that 10 feet of property, but the defendant's objection is that that 10 feet of property lies within the lines of Borden avenue, and that the defendant did not agree to buy that, and does not want it. There is only one Borden avenue, and that is an avenue 80 feet in width, and the plaintiff voluntarily adopted that avenue as a boundary, and voluntarily agreed to sell to the defendant a parcel of land 125 feet deep, bounded on that avenue; and that agreement is not carried out by endeavoring to make the defendant take a parcel of land 115 feet deep on that avenue, together with 10 feet in the bed of that avenue."

This argument seems to me cogent and convincing. In Matter of Fourth Avenue, 11 Abb. Prac. 189, 195, the General Term of the First District was called upon to construe a deed of property bounded on Fourth avenue. In 1807 Fourth avenue was laid out as only 100 feet wide. In 1837 (Laws 1837, p. 291, c. 274, § 3) an act of the Legislature declared that Fourth avenue should be widened between Thirty-Fourth street and the Harlem river by adding thereto on each side 20 feet of land, so as to make the whole width of that part of the avenue 140 feet. In 1848, the year when the deed was dated, and in 1852, the year when the deed was executed, the widening had not yet been effected; and the question was whether the Fourth avenue mentioned in the deed was a street 100 feet or 140 feet in width. The court held that the law implied from the fact of bounding lands on a street or avenue not opened, but directed by law to be opened or laid out for that purpose, the grantor adopts the street or avenue as thus to be opened, and dedicates all within it to the public. Mr. Justice Edwards said:

"The lots are bounded on the Fourth avenue without restriction or qualification, and it seems to me that the description used can admit of no other construction than that the avenue meant was the avenue as then laid out. The only Fourth avenue then existing, to which the description could apply, was an avenue of one hundred and forty feet width. There was at the time no Fourth avenue of one hundred feet width."

At the time the parties to this controversy entered into the contract, the only Borden avenue was the Borden avenue laid down on the commissioners' map. This was 80 feet in width, and the plaintiff could carry out his agreement to convey to the defendant a lot 125 feet deep only by including within the conveyance 10 feet of land which was in the avenue. It is plain that the contract contemplated nothing of this kind, but that its true meaning was that the property

to be conveyed should be on the corner of the avenue, and not in it.

I think that the defendant is entitled to judgment in accordance with the terms of the submission. All concur.